IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY PARKER, : | |
|     Plaintiff : | |
| : | |
|    v. : | CIVIL NO.3:09-CV-0196 |
| : | |
| : | Hon. John E. Jones III |
| AFTEL ABOULFATCH, *et al.*, : | |
|     Defendants : | |

## **MEMORANDUM**

February 2, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This action asserts that the constitutional rights of Plaintiff Danny Parker, an inmate presently incarcerated at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill) were violated during the course of his confinement at six (6) separate federal correctional facilities.[1] An Amended Complaint (*See* Doc. 17) was previously filed by Plaintiff's counsel.

By Memorandum and Order dated February 10, 2011, this Court granted an unopposed dispositive motion filed by ten (10) of the twenty-three (23) named Defendants, all of whom were either previously or presently employed at three (3)

---

[1] Only one of the six prisons, the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), is located within the Middle District of Pennsylvania

federal correctional facilities, USP-Canaan, McKean Federal Correctional Institution, Lewis Run, Pennsylvania (FCI-McKean), and the United States Penitentiary, Atwater, California ( USP-Atwater).[2]  (*See* Doc. 49.)  As a result of the February 10, 2011 Memorandum and Order, there are thirteen (13) Remaining Defendants.

By Order dated January 5, 2012, Plaintiff was granted twenty-one (21) days in which to provide this Court with either current addresses for the Remaining Defendants or show good cause as to why the surviving claims of this action should not be dismissed without prejudice for failure to effect service.  (*See* Doc. 52.)  The Order forewarned Plaintiff that failure to timely respond would result in dismissal without prejudice of his claims against the Remaining Defendants.

When a complaint has not been served upon a defendant within 120 days after the complaint is filed, Federal Rule of Civil Procedure 4(m), requires the court, after giving the Plaintiff appropriate notice, to dismiss the action without prejudice against that defendant.[3]  Under such circumstances, dismissal of the complaint for failure to comply with Rule 4(m)  is appropriate.  *See Liu v. Oriental*

---

[2]  The three remaining correctional facilities listed in the Amended Complaint are the Federal Correctional Center, Beaumont, Texas, (FCC-Beaumont); the Federal Correctional Institution, Otisville, New York (FCI-Otisville); and the Federal Transit Center, Oklahoma City, Oklahoma (FTC-Oklahoma).

[3]  If Plaintiff shows good cause for the failure, the time for making service may be extended for an appropriate period.

2

*Buffett*, 134 Fed. Appx. 544, 546-7 (3d Cir. 2005); *Gebhardt v. Borough of Island Heights*, 2007 WL 4355465 *1 (D.N.J. Dec. 7, 2007).  The district court in *Gebhardt* relying on Rule 4(m) stated that when there has been a failure to serve, the court should give notice to the Plaintiff that his action will be dismissed unless he or she can establish good cause for the failure or that service was timely effected.  (*See id.*)

This Court's Order of January 5, 2012 gave Plaintiff adequate notice of its intention to dismiss the claims against the thirteen (13) Remaining Defendants on the basis of lack of service under Rule 4(m) and an opportunity to respond.  Although the time period granted to Parker by this Court's Order of January 5, 2012 has expired, Plaintiff has neither submitted a response nor requested additional time in which to do so.[4]  The record also contains no indication that Parker has made any effort whatsoever to ascertain the whereabouts of any of the Remaining Defendants.

Based upon an application of the standards announced in Liu and Gebhardt, and especially noting that although this matter has been pending since January 2009, the current addresses for the Remaining Defendants have not been provided to this Court and are still apparently unknown, the dismissal of this action without

---

[4]  It is noted that by letter January 12, 2012, Plaintiff's counsel acknowledged receipt of the January 5, 2012 Order.  *(See* Doc. 53.)

3

prejudice for failure to effect service on the Remaining Defendants is warranted under Rule 4(m).  *See Sykes v. Blockbuster Video,* 205 Fed. Appx. 961, 963 (3d Cir. 2006); *Balac v. Osborn*, 2009 WL 3242131 * 1 (D.N.J. Oct. 6, 2009).  An appropriate Order will enter.